**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.

CHRISTOPHER HANSEN,

    Plaintiff,

v.

BRITISH AIRWAYS PLC,

    Defendant.

_____

## COMPLAINT

Plaintiff Christopher Hansen sues Defendant British Airways PLC ("British Airways") under the Convention for the Unification of Certain Rules for International Carriage by Air (commonly known as the "Montreal Convention") and alleges as follows:

### INTRODUCTION

1. During a British Airways flight from London to Miami, an off-duty British Airways employee repeatedly assaulted Hansen, leaving him bruised, physically injured, and fearing for the safety of his family for the duration of the flight.

2. The physical assaults came after on-duty British Airways employees served numerous alcoholic beverages to the off-duty employee, service that continued both after the off-duty employee had become belligerent and Hansen had asked them to stop serving the man alcohol.

### PARTIES, JURISDICTION & VENUE

3. Hansen is a citizen and resident of Miami-Dade County, Florida.

4. British Airways is a foreign corporation duly organized and existing under the laws of the United Kingdom.

5. British Airways operates numerous passenger flights to and from Miami-Dade County, Florida and has done so for many years, both directly and through partner airlines.

6. British Airways maintains offices, check-in counters, and staff in Miami-Dade County, Florida for the purpose of carrying on its business of flying passengers to and from Miami-Dade County, Florida and has done so for many years both directly and through its agents and partner airlines.

7. British Airways contracts and coordinates with the Miami-Dade County Aviation Department for the purpose of carrying on its business of flying passengers to and from Miami-Dade County, Florida and has done so for many years both directly and through its agents and partner airlines.

8. British Airways markets and sells airline tickets in Miami-Dade County, Florida to Florida citizens for the purpose of carrying on its business of flying passengers to and from Miami-Dade County, Florida and has done so for many years both directly and through its agents and partner airlines.

9. The Court has personal jurisdiction over British Airways pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and Florida Statutes, Sections 48.193(1)(a)(1) and (2) because this cause arises from British Airways operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida and because British Airways is engaged in substantial and not isolated activity in Florida.

10. In the alternative, the Court has personal jurisdiction over British Airways pursuant to Federal Rule of Civil Procedure 4(k)(2) because British Airways is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

11. This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331 because this action arises under the Montreal Convention, a treaty of the United States.

12. Venue is proper in this Court pursuant to Title 28, United States Code, Section 1391(b) because British Airways is subject to this Court's personal jurisdiction and, therefore resides in the Southern District of Florida and because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida.

### GENERAL ALLEGATIONS

13. On October 26, 2021, Hansen purchased from American Airlines, Inc. round-trip airline tickets for himself and his family which included an initial flight from Miami to London and a return flight from London to Miami.

14. British Airways operated all of the purchased flights, including return Flight BA209 (AA6960) from London to Miami.

15. On June 30, 2022, Hansen was a passenger on British Airways Flight 209 from London to Miami along with his wife and two minor daughters.

16. Siting in the aisle seat across from Hansen was a man who identified himself as a British Airways flight attendant. The man was flying to Florida in an off-duty capacity.

17. The British Airways staff served the British Airways employee numerous alcoholic drinks.

18. After the British Airways employee had become obviously intoxicated, Hansen asked a flight attendant to stop serving the employee drinks. The flight attendant declined to do so.

19. The British Airways employee grew aggressive, physically assaulting Hansen and yelling obscenities at other passengers, including one of Hansen's daughters. The employee's actions left Hansen bruised, injured, and fearing for the safety of his family.

20. Throughout the flight, the British Airways employee continued to physically assault Hansen. The staff did nothing to protect Hansen.

21. Hansen's objectionably reasonable belief was that any action he took in defense of himself or his family would subject him to retribution and/or prosecution by the British Airways staff.

22. Hansen has lodged several complaints with British Airways and has received no response.

## COUNT 1
### (Claim for Relief under the Montreal Convention)

23. Hansen re-alleges paragraphs 1 through 22 as if fully set forth herein and further alleges the following.

24. Hansen was a passenger on British Airways Flight 209 from London, England to Miami, Florida.

25. During the flight, a British Airways employee physically assaulted him on multiple occasions.

26. Hansen did not expect another passenger to physically assault him.

27. No reasonable passenger with ordinary experience in commercial air travel would have expected another passenger to physically assault him or her.

28. The physical assaults on Hansen were unusual events or happenings.

29. It is not a usual, common, or ordinary experience of airline passengers to be physically assaulted by a fellow passenger.

30. The physical assaults on Hansen constituted an "accident" within the meaning of the Montreal Convention.

31. The assaults on Hansen directly and proximately caused him bodily injury, including bruising.

32. British Airways was the "actual carrier" of British Airways Flight 209 within the meaning of the Montreal Convention.

33. Because British Airways Flight 209 was between points in two different nations, that is, between the United States and the United Kingdom, and because those nations are signatories to the Montreal Convention, British Airways Flight 209 constituted "international carriage" within the meaning of the Montreal Convention.

34. Pursuant to Articles 17 and 21 of the Montreal Convention, British Airways is strictly liable for damage sustained in the case of bodily injury to a passenger on board the aircraft up to 128,821 Special Drawing Rights.

35. British Airways is also liable for damages beyond 128,821 Special Drawing Rights unless it proves that (a) such damage was not due to its negligence, wrongful act, or omission of British Airways or its servants or agents or (b) such damage was due solely to the negligence or other wrongful act or omission of a third party.

**PRAYER FOR RELIEF**

36. WHEREFORE, Hansen demands judgment against British Airways in amounts to be proven at trial and including, but not limited to:

    a. For Hansen's general damages for pain and suffering, mental anguish, shock, emotional distress, embarrassment, anxiety, and loss of enjoyment of life.

    b. For all other general and special damages recoverable under the Montreal Convention.

## DEMAND FOR JURY TRIAL

Plaintiff Christopher Hansen hereby demands a trial by jury on all issues so triable.

Dated: October 4, 2022

Respectfully submitted,

/s/ **John R. Byrne**
John R. Byrne
0126294
john@maderalbyrne.com
Nicole Estrada
1017979
nicole@maderalbyrne.com
Maderal Byrne PLLC
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: (305)520-5690
Email: john@maderalbyrne.com
Attorney for Christopher Hansen